**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ADRIAN LADEAN NASH (01),**

    Defendant.

Case No. 19-40022-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Adrian Nash's Motion for Home Confinement (Doc. 42). The government has filed a Response (Doc. 44). For reasons explained below, the court denies Mr. Nash's motion.

### I.    Background

On July 22, 2019, Mr. Nash entered a guilty plea to a Superseding Information (Doc. 20) charging one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* Docs. 22 & 23. The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement proposed a term of no more than 36 months' imprisonment, followed by two years of supervised release. Doc. 23 at 3 (Plea Agreement ¶ 3). On December 16, 2019, during the sentencing hearing, the court rejected this sentencing proposal. Doc. 34 at 1. Mr. Nash elected to leave his guilty plea in place. *Id.* The court then sentenced him to 51 months' imprisonment, followed by two years of supervised release. *Id.*; Doc. 35 at 2–3.

---

[1] Because Mr. Nash proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Mr. Nash now seeks a sentence modification under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) because of the COVID-19 pandemic. Doc. 42 at 1. Specifically, he asks the court to permit him to serve the remainder of his custody sentence in home confinement. Doc. 42 at 1. He asserts that his life is endangered because of the pandemic, and that United States Attorney General William Barr has issued "an order to the director of the Bureau of Prisons ordering the release of the inmate population" because of the pandemic. *Id.*

## II.   Analysis

The court first addresses Mr. Nash's request under the CARES Act. The court then considers his request under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).

### A.   The CARES Act

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Given Mr. Nash's 51-month custody sentence, he is eligible for home confinement under this statute sometime in 2023. But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement. It provides: "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2)." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Mr. Nash seeks to serve the remainder of his custody sentence in home confinement under this provision of the CARES Act. Doc. 42 at 1–2. The government responds that Mr. Nash's motion should be construed as a motion for compassionate release under 18 U.S.C.

2

§ 3582(c)(1)(A) because the court lacks authority to order home confinement under the CARES Act.  Doc. 44 at 2–4.

The court agrees with the government.  The CARES Act authorizes the BOP—not courts—to expand the use of home confinement.  *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may place an inmate in home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020)).

In sum, the court lacks jurisdiction to order home confinement under this CARES Act provision.  The court thus dismisses Mr. Nash's request under the CARES Act and construes his motion as one seeking relief under the compassionate release statute, § 3582(c)(1)(A).

### B. Compassionate Release

For reasons explained below, the court also lacks jurisdiction to decide Mr. Nash's motion under § 3582(c)(1)(A) because he has failed to exhaust his administrative remedies.

#### 1. Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The compassionate release statute, 18 U.S.C.

§ 3582(c), permits a court to modify a term of imprisonment but only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf. But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018). After this amendment, a defendant may bring a motion for compassionate release from custody, but only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Unless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief. *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

### 2. Analysis

Mr. Nash seeks to spend the remainder of his 51-month custody sentence in home confinement because of the COVID-19 pandemic. Doc. 42 at 1. According to Mr. Nash, he has "attempted to use the remedies of [BOP]" by asking the warden for home confinement, but staff have informed him that "all requests are not being looked into." *Id.* The government contends


that the court lacks jurisdiction to consider Mr. Nash's motion because he had failed to exhaust his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires.  Doc. 44 at 5.

The court again agrees with the government.  Mr. Nash has not shown that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or that 30 days have elapsed since he submitted a request for a motion to the warden.  18 U.S.C. § 3582(c)(1)(A).  Mr. Nash asserts that he has "attempted to use the remedies of the [BOP]" by asking the warden for home confinement.  Doc. 42 at 1.  But he provides no evidence of his request to the warden for compassionate release, the date when he made it, or the warden's decision.  *Boyles*, 2020 WL 1819887, at *2.  Without evidence showing that Mr. Nash has exhausted his administrative remedies—*i.e.*, he asked the warden for compassionate release and exhausted the administrative appeal process, or that more than 30 days have passed since he submitted his request to the warden—the court lacks jurisdiction to decide Mr. Nash's motion under § 3582(c)(1)(A).  *Boyles*, 2020 WL 1819887, at *2 (holding that a district court is without statutory authority to consider a motion for compassionate release when a defendant has failed to properly exhaust administrative remedies); *see also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (holding that defendant's failure to exhaust administrative remedies "present[ed] a glaring roadblock foreclosing compassionate release" under § 3582(c)(1)(A)).

The court thus dismisses Mr. Nash's motion (Doc. 42) for lack of jurisdiction.  *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Nash's Motion for Home Confinement (Doc. 42) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 24th day of April, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**