**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 19-40022-01-DDC |
| **ADRIAN LADEAN NASH (01),** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Adrian Nash's motion under 18 U.S.C. § 3582(c)(1)(A) styled as a "Request for Compassionate Release" (Doc. 46). The government filed a Response (Doc. 48). And Mr. Nash filed a Reply (Doc. 49). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.     Background**

On July 22, 2019, Mr. Nash entered a guilty plea to a Superseding Information (Doc. 20) charging one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* Doc. 22; Doc. 23. The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement proposed a term of no more than 36 months' imprisonment, followed by two years of supervised release. Doc. 23 at 3 (Plea Agreement ¶ 3). At the December 16, 2019 sentencing hearing, the court rejected this sentencing proposal. Doc. 34 at 1. Mr. Nash elected to leave his guilty plea in place. *Id.* The court then sentenced him to 51 months' imprisonment, followed by two years of

---

[1]     Because Mr. Nash proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

supervised release. *Id.*; Doc. 35 at 2–3. On April 16, 2020, Mr. Nash filed a motion (Doc. 42) that the court construed as one for relief under 18 U.S.C. § 3582(c)(1)(A). Doc. 45 at 3. The court dismissed that motion for lack of subject matter jurisdiction. *See id.* at 5–6. On September 8, 2020, Mr. Nash filed another motion for relief under § 3582(c)(1)(A). Doc. 46 at 1. The court now recites the legal standard governing this motion.

## II.     Legal Standard

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by

section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. Jan. 27, 2021) (affirming district court's decision to dismiss for lack of subject matter jurisdiction defendant's § 3582(c)(1)(A) motion where district court concluded that defendant's "motion failed to meet the § 3582(c)(1)(A) standards"); *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

The court now applies this legal standard to Mr. Nash's motion.

**III.   Discussion**

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). If the "warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *3 (discussing competing readings of "the lapse of 30 days").

Here, the parties do not dispute that the warden failed to respond within 30 days. But they do disagree whether that lapse extends to the particular grounds for relief that Mr. Nash's motion asserts. Our Circuit's recent decision in *United States v. Gieswein* provides some guidance on "issue exhaustion" under § 3582(c)(1)(A). *See United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (affirming district court's dismissal of defendant's motion

3

for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for failing to comply with § 3582(c)(1)(A)'s exhaustion and 30-day requirements). *Gieswein* held that the defendant who had based his motion for compassionate release—at least in part—on "the risk he faces due to COVID-19" had "failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed" where defendant's earlier "request to the warden did not include COVID-19 as a reason for compassionate release." *Id.* While *Gieswein* is an unpublished opinion that lacks controlling authority, the court finds it persuasive. And, our court recently has reached similar conclusions in other cases.[2]

Here, the government asserts that Mr. Nash's June 10, 2020 request[3] to the warden sought relief based on Mr. Nash's "desire to be released in order to address issues related to his

---

[2]   *See, e.g.*, *United States v. Morelan*, No. 12-20003-08-JWL, 2021 WL 365095, at *1–3 (D. Kan. Feb. 3, 2021) (dismissing § 3582(c)(1)(A) motion due to lack of subject matter jurisdiction for failure to exhaust where defendant based his *motion* on the ground that his medical conditions "create an increased risk of serious harm or death from the ongoing coronavirus pandemic" but defendant "did not identify any particular medical condition or specific health risk in his request to the warden" and "there is no evidence before the court that the BOP knew that defendant's request was based on a belief or assertion that he was particularly at risk of harm or more susceptible to a severe case of COVID-19 or that the BOP reviewed his request through that lens"); *United States v. Belair*, No. 17-40043-02-DDC, 2021 WL 50982, at *2 (D. Kan. Jan. 6, 2021) (dismissing § 3582(c)(1)(A) motion due to lack of subject matter jurisdiction for failure to exhaust where medical conditions formed the basis of defendant's motion for compassionate release but "nowhere in her request to BOP did she mention medical issues"); *United States v. Burgoon*, No. 07-20072-05-JWL, 2020 WL 7396914, at *3 (D. Kan. Dec. 17, 2020) (dismissing defendant's § 3582(c)(1)(A) motion due to lack of subject matter jurisdiction for failure to exhaust because "a defendant who wholly fails to mention any existing medical condition in a request to the warden cannot rely on a medical condition as a grounds for release before the court"); *see also United States v. White*, No. 09-20143-03-DDC, 2021 WL 492897, at *2–3 (D. Kan. Feb. 10, 2021) (surveying several recent § 3582(c)(1)(A) issue exhaustion cases from our court).

[3]   The court distinguishes Mr. Nash's June 10, 2020 reduction in sentence request to the warden (Doc. 48-1 at 2) at issue from his earlier request(s). *See* Doc. 42 at 1 (discussing defendant's attempts to take the matter up with the warden before April 16, 2020). Mr. Nash may have based those earlier requests on the COVID-19 pandemic and the risks it presents to his health. *Id.* The court previously concluded that it lacked subject matter jurisdiction to consider a motion stemming from those prior requests because Mr. Nash failed to show he met the exhaustion or lapse requirement. *See* Doc. 45 at 5. Since then, Mr. Nash has not asserted that he has satisfied the exhaustion or lapse requirement for those prior requests. So those requests cannot support Mr. Nash's claim that he satisfies the statute's requirement of exhaustion or lapse for purposes of the current motion.

daughter." Doc. 48 at 9 (citing Doc. 48-1 at 2). The request itself explains that the "reason for this request is because when [Mr. Nash] was arrested, [his] 4-year old daughter was taken into child services custody and now child services is talking about adopting her." Doc. 48-1 at 2. The request mentions nothing about Mr. Nash's physical health or the COVID-19 pandemic. *See id.* And Mr. Nash impliedly concedes as much. *See* Doc. 49 at 2–3. But he nonetheless asserts that he meets § 3582(c)(1)(A)'s exhaustion or lapse requirement even if his request to the warden and subsequent motion in federal court articulate different bases for relief. *Id.* at 2. He offers two reasons. Neither are persuasive.

*First*, Mr. Nash asserts that "[r]egardless of the type of reasons Nash presented to the Warden for compassionate release, both the Warden or the court can consider his request under U.S.S.G. Section 1B1.13, Application Note 1(D)—the 'catch-all' provision which allows for a sentence reduction for 'other' extraordinary and compelling reasons warranting a reduction." *Id.* at 2–3. Mr. Nash asserts that the "'catch-all' provision is exactly what it says and encompasses both medical and non-medical reasons." *Id.* at 3.

But even if that's correct, it does not follow that the law permits Mr. Nash to raise any and all "medical and non-medical reasons" in his motion regardless of what he asserted in his underlying request to the warden. The "catch-all" provision may cast a wide net of potential reasons for release, but it does not relieve movants under § 3582(c)(1)(A) from complying with the statute's requirement of exhaustion or lapse. Mr. Nash's claim for § 3582(c)(1)(A) relief may rely on either medical or non-medical reasons, but he still must initiate and exhaust that claim properly under the statute. Mr. Nash has failed to show that he satisfies that requirement where his initial request to BOP and later motion assert completely different and non-overlapping bases for relief.

*Second*, Mr. Nash reasons that he meets the exhaustion or lapse requirement because "[r]egardless of how his request was framed, it was evaluated as a generalized request by the Warden." *Id.* at 2. Mr. Nash concludes that the warden evaluated his request as a generalized request because the "Warden's denial emphatically states that: 'In addition, your RIS request was evaluated and all factors outlined in Section 7 of the policy were used to evaluate your request.'" *Id.* (quoting Doc. 48-1 at 1). The court construes this argument to imply that when the underlying reduction in sentence request is a "generalized request," the statutory exhaustion or lapse of that request permits the defendant to raise any basis for relief in his subsequent motion in federal court.

This argument falls short. The warden's statement about "all factors" does not carry the meaning that Mr. Nash attributes to it. The factors outlined in Section 7 are merely factors that BOP considers when evaluating an inmate's reduction in sentence request.[4] *See* BOP Program Statement 5050.50 (2019). The fact that BOP considered these factors when evaluating Mr. Nash's request does not mean that the warden considered the request as a generalized request that would exhaust all possible bases for § 3582(c)(1)(A) relief. Rather, the warden's response reveals that BOP understood Mr. Nash's basis for relief narrowly. *See* Doc. 48-1 at 1. The warden's response explains that Mr. Nash "specifically request[ed] consideration due to [his] daughter being taken into custody by child services" and concludes that his "circumstances do not meet the criteria for consideration for a RIS under this category" because there was "no

---

[4] These factors include: Nature and circumstances of the inmate's offense; Criminal history; Comments from victims; Unresolved detainers; Supervised release violations; Institutional adjustment; Disciplinary infractions; Personal history derived from the PSR; Length of sentence and amount of time served. This factor is considered with respect to proximity to release date or Residential Reentry Center (RRC) or home confinement date; Inmate's current age; Inmate's age at the time of offense and sentencing; Inmate's release plans (employment, medical, financial); Whether release would minimize the severity of the offense. *See* BOP Program Statement 5050.50, § 7 (2019).

evidence [Mr. Nash's] daughter has been taken into custody by child services resulting in [his] request for a compassionate release." *Id.* So, Mr. Nash's assertion that BOP treated his request as a "generalized" one is unpersuasive.

Moreover, even if BOP had treated the request as a generalized one, it does not follow that satisfying the exhaustion or lapse requirement for that request would allow Mr. Nash to assert any possible basis for compassionate release in his court-filed motion under § 3582(c)(1)(A).[5] Our court and the Tenth Circuit (in an unpublished opinion) recently held that a defendant fails to satisfy the statutory exhaustion or lapse requirement where the reason for § 3582(c)(1)(A) relief defendant asserts in his motion has no overlap with the reason(s) defendant asserted in the initial request to the warden. *See Gieswein*, 832 F. App'x at 578 ("[Defendant's] request to the warden did not include COVID-19 as a reason for compassionate release. Therefore, he has failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed." (citation omitted)). *Gieswein* neatly covers the facts here, and Mr. Nash's arguments about exhaustion offer no valid reason to depart from *Gieswein*'s conclusion that exhaustion is absent under these facts and dismissal is proper.

**IV.     Conclusion**

Mr. Nash's motion asserts COVID-19 as a basis for relief under § 3582(c)(1)(A). He did not raise that issue, or anything even related to it, in his request to the warden. He thus failed to satisfy § 3582(c)(1)(A)'s requirement of exhaustion or lapse before filing his motion in this court. *Springer*, 820 F. App'x at 791–92. In our Circuit, the court's subject matter jurisdiction

---

[5]     Program Statement 5050.50 explains that every request for reduction in sentence "should be assessed using the factors outlined in Section 7." *Id.* By Mr. Nash's logic, BOP would thus construe every reduction in sentence request considered as a generalized request. So, Mr. Nash's content-agnostic view of exhaustion would apply to all reduction in sentence requests and permit a defendant to assert any basis for relief in a subsequent motion under § 3582(c)(1)(A). This argument squarely conflicts with recent caselaw discussed above from our court and our Circuit.

over Mr. Nash's motion depends on him showing that he satisfies § 3582(c)'s requirements.  *See Poutre*, 2021 WL 271948, at *1; *Saldana*, 807 F. App'x at 820.  Mr. Nash's failure to do so means that the court lacks subject matter jurisdiction over his claim.  The court must dismiss it accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Nash's Request for Compassionate Release (Doc. 46) is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 22nd day of February, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
