IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 19-40022-01-DDC |
| ADRIAN LADEAN NASH (01), | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Defendant Adrian Ladean Nash filed a pro se[1] Motion for Compassionate Release (Doc. 51).  Mr. Nash asserts that his family circumstances present extraordinary and compelling reasons for compassionate release.  The court denies Mr. Nash's motion, explaining why below.

## I.     Background

On July 22, 2019, Mr. Nash entered a guilty plea to a Superseding Information (Doc. 20) charging one count of possession of a firearm by a prohibited person, violating 18 U.S.C. § 922(g)(1).  *See* Doc. 22; Doc. 23.  The parties' plea agreement suggested a term of no more than 36 months' imprisonment, followed by two years of supervised release.  Doc. 23 at 3 (Plea Agreement ¶ 3).  At the December 16, 2019, sentencing hearing, the court rejected this sentencing proposal.  Doc. 34 at 1.  Mr. Nash elected to leave his guilty plea in place.  *Id.*  The court then sentenced him to 51 months' imprisonment, followed by two years of supervised release.  *Id.*; Doc. 35 at 2–3.

---

[1]     People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Nash previously has filed a motion seeking compassionate release.  Doc. 46.  On February 22, 2021, the court dismissed his request for compassionate release without prejudice for failure to exhaust.  Doc. 50.  Mr. Nash filed the current motion on January 24, 2022.  Doc. 51.  His projected release date is June 19, 2023.  *See* Adrian Ladean Nash (Reg. No. 22637-031) (last visited June 1, 2022), https://www.bop.gov/inmateloc/.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits the court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Recently, our Circuit held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)— "extraordinary and compelling" reasons—as jurisdictional.  *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons'

---

[2]      Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

Aside from this exhaustion requirement, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III.    Analysis

*First*, the court considers whether Mr. Nash has exhausted his administrative remedies. The statute requires that people in prison seeking compassionate release fully exhaust administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A). A defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *See Maumau*, 993 F.3d at 830 (emphasis added). Here, Mr. Nash attached to his motion an e-mail request he sent to

Warden Yates for compassionate release based on his daughter's situation.  Doc. 51-2 at 5.  Mr. Nash sent this e-mail on December 17, 2021.  *Id.*  And he asserts that the warden never responded.  Doc. 51 at 3.  He signed and mailed this Motion for Compassionate release on January 18, 2022, and the Clerk of the Court docketed his motion on January 24, 2022.  *See id.* at 6.  The court concludes that Mr. Nash waited the requisite 30 days for the warden to respond before filing this motion and thus he has exhausted his administrative remedies.

*Second*, the court must determine whether Mr. Nash presents "extraordinary and compelling" reasons for compassionate release.  Mr. Nash asserts that he "is the only caregiver his daughter has left other than the state of Kansas and he truly wants to keep his family together[.]"  Doc. 51 at 2.  The Federal Sentencing Guidelines specifically mention that "family circumstances" may present an extraordinary and compelling reason for compassionate release.  U.S. Sent'g Guidelines § 1B1.13 (U.S. Sent'g Comm'n 2018).  Commentary to the Sentencing Guidelines defines family circumstances to include the "death or incapacitation of the caregiver of the defendant's minor child[.]"  *Id.* § 1B1.13 cmt. 1.(C).[3]  Mr. Nash's situation does not fall within this definition of family circumstances warranting compassionate release—he doesn't allege that his daughter's caregiver has died or become incapacitated.  Mr. Nash asserts that his daughter "is currently a ward of the state of Kansas as a result of his incarceration."  Doc. 51 at 1.  These circumstances, though undoubtedly undesirable, suggest that Mr. Nash's family circumstances haven't changed in the manner contemplated by the definition of family circumstances.  "Unfortunately, 'the care of minor children is a problem faced by many

---

[3]    The Sentencing Commission's Guidelines and their commentary don't bind the court, but the court finds this definition of family circumstances useful.  *See United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *4 (10th Cir. Mar. 28, 2022) (citing Sentencing Guidelines § 1B1.13 cmt. 1 and noting that these "policy statements guide, but do not confine, the court in its analysis of extraordinary and compelling circumstances warranting a sentence reduction").

convicted defendants.'" *United States v. Vela-Salinas*, No. 3:11-cr-00083-19, 2022 WL 391490, at *5 (M.D. Tenn., Feb. 8, 2022) (quoting *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021)).  "[S]uch a problem, without more, is an ordinary, not extraordinary, circumstance." *Id.*; *see also United States v. Reed*, No. 2:15-CR-752 TS, 2022 WL 844435, at *2 (D. Utah Mar. 22, 2022) (acknowledging defendant's family circumstances involving struggling daughters were "undoubtedly difficult" but not extraordinary and compelling reasons because "familial hardship often results from criminal conduct").  And, even if Mr. Nash's circumstances fell within the definition, he hasn't presented evidence showing that he is the only available caregiver for his daughter.  *See Vela-Salinas*, 2022 WL 391490, at *4 ("Courts routinely deny motions for compassionate release when the defendants cannot show that they would be the only available caregiver for a minor or child[.]" (quotation cleaned up)).  The court concludes that Mr. Nash has not met his burden at step one to demonstrate extraordinary and compelling reasons for his release.

*Third*, even if Mr. Nash had presented extraordinary and compelling reasons for compassionate release, the court then would have to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  Those factors include:  (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).  Mr. Nash's prior criminal convictions include unlawful firearm possession, drug possession, and domestic battery, and his criminal history score at sentencing was seven, placing him in a criminal history category IV.  Doc. 32 at

9–12, 14. This history includes violence and suggests a lack of respect for the law. It does not favor compassionate release. His offense and sentence in this case don't favor compassionate release, either. Mr. Nash's offense is an undoubtedly serious one—he possessed several firearms, and he knew possessing a firearm was illegal. After he was charged with illegally possessing a firearm, he secured pretrial release. He then possessed another firearm. *See* Doc. 32 at 3, 5–6 (Presentence Investigation Report ¶¶ 1, 2, 14, 17, 19–26). The court determined that the guideline range for Mr. Nash's offense was 51 to 63 months and sentenced him to the low end of that guidelines range: 51 months. Doc. 35; Doc. 36 at 1. Reducing a 51-month sentence by 12 months would no longer reflect the seriousness of the offense. Nor would it promote respect for the law. Indeed, Mr. Nash's Presentence Investigation Report shows that Mr. Nash, when the report was prepared, had not accepted responsibility for his actions, Doc. 32 at 7, and his motion blames the mother of his daughter for his conviction, Doc. 51 at 2. In sum, the § 3553(a) factors do not favor Mr. Nash's early release.

## IV.    Conclusion

As explained above, the court denies Mr. Nash's motion for two independent reasons: (1) he does not present extraordinary and compelling reasons for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Nash's Motion for Compassionate Release (Doc. 51) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of June, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
